1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Todd M. Friedman (State Bar No. 216752)
Adrian R. Bacon (State Bar No. 280332)
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Tel: (877) 206-4741
*tfriedman@toddflaw.com*
*abacon@toddflaw.com*

*Counsel for Plaintiff*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQULINE SALEM, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>        v.<br><br>KRISPY KREME DOUGHNUT CORPORATION, GREAT CIRCLE FAMILY FOODS, LLC DBA KRISPY KREME DOUGHNUTS, and DOES 1-10, inclusive,<br><br> Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

CLASS ACTION COMPLAINT

**OVERVIEW OF THE ACTION**

1.      Consumers rely on nutritional and label information in order to determine what food to purchase and consume. Consumers defer to the judgment of experts in the legal profession, the nutrition industry, and the food industry in order to obtain a reliable and descriptive information about their dietary lifestyles. The accuracy and veracity of this information and the protection of the legal profession are necessary components for individuals to make informed, healthy choices about what they want to place inside their bodies. When such information is falsely represented to consumers, their decisions become misinformed and their ability to make responsible choices taken from them.

2.      Krispy Kreme Doughnut Corporation and Great Circle Family Foods, LLC dba Krispy Kreme Doughnuts ("Defendants") have utilized its position of power to feed false information to consumers in order to deceive them into making purchases that they would otherwise not make to obtain an unfair and unjust benefit. Specifically, Defendants have been purposefully, intentionally, and willfully misleading their consumers into believing that two of the most important nutritional components of their doughnuts are a fraction of what they are. Defendants advertise and represent objectively false statements about the amount of calories and sugar content their doughnuts have in order to take advantage of consumers who are actively trying to make healthier and more conscientious decisions about what they consume. Defendants have not only taken advantage of those that seek to make these healthier decisions, but Defendants are making a last ditch effort to try and capture its fleeting market share in the only way that it can—by directly lying to the consumers who rely on Defendants' labeling information.

3.      Plaintiff thus brings this action on behalf of herself and all those similarly situated to Plaintiff who purchased within the applicable Statute of Limitations a Doughnut from Defendants ("Class Members") for damages for the amount of damaged caused to the members of the Class, restitution for the amount of unfair additional funds that Defendants stole from the members of the Class, and for injunctive, declaratory, and equitable relief demanding that Defendants cease engaging in its unlawful, unfair and fraudulent business and advertising practices.

///

1

CLASS ACTION COMPLAINT

**JURISDICTION AND VENUE**

4.      This Court has subject matter jurisdiction over this action under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because (a) at least one member of the Class is a citizen of a state different from Defendant, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, (c) the Class includes more than 100 members, and (d) none of the exceptions under the subsection apply to this action.

5.      Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions that give rise to Plaintiff's claims occurred in Los Angeles County and within this jurisdictional district, and Defendants do a substantial amount of business, including the business which gave rise to Plaintiff's claims within this County and the United States District Court for the Central District of California.

**PARTIES**

6.      Defendant Krispy Kreme Doughnuts, Inc. is a North Carolina corporation headquartered in Winston-Salem, North Carolina. Defendant is a corporate giant and a leader in the doughnut industry. Defendant Krispy Kreme Doughnuts, Inc. has subsidiaries, agents, and/or franchisees all over the United States. Plaintiff is informed, believes and based thereon alleges that Defendant Krispy Kreme Doughnuts, Inc. maintains direct and indirect control and supervision over its subsidiaries, agents, and/or franchisees through the requirements that its subsidiaries, agents, and/or franchisees maintain and use Defendant's uniform advertisements, pricing, clothing, labels, websites, structure, branding, and nearly every other component required to maintain and run a retail store of Defendant Krispy Kreme Doughnuts, Inc. Plaintiff does not know the true names and capacities of Defendant Krispy Kreme Doughnuts, Inc.'s subsidiaries, agents, and/or franchisees but is informed and believed and based thereon alleges that Defendant Krispy Kreme Doughnuts, Inc. and each of its subsidiaries, agents, and/or franchisees were all in a joint scheme with Defendant Krispy Kreme Doughnuts, Inc. and acting under the control and supervision of Defendant Krispy Kreme Doughnuts, Inc. to carry out the unlawful business practices alleged herein. As Plaintiff does not know the true names and capacities of these subsidiaries, agents, and/or franchisees, Plaintiff

1    brings this action against them under the names of "DOES 1-10." Plaintiff will amend its Complaint

2    when the true names and capacities of DOES 1-10 becomes available to Plaintiff.

3         7.    Defendant Great Circle Family Foods, LLC is a California Limited Liability Company

4    headquartered in California. Defendant Great Circle Family Foods, LLC is a franchisee of Defendant

5    Krispy Kreme Doughnuts, Inc. Defendant Great Circle Family Foods, LLC has subsidiaries, agents,

6    and/or franchisees throughout California. Plaintiff is informed, believes and based thereon alleges

7    that Defendants Great Circle Family Foods, LLC maintains direct and indirect control and

8    supervision over its subsidiaries, agents, and/or franchisees through the requirements that its

9    subsidiaries, agents, and/or franchisees maintain and use Defendant Great Circle Family Foods,

10   LLC's uniform advertisements, pricing, clothing, labels, websites, structure, branding, and nearly

11   every other component required to maintain and run a retail store of Defendant Great Circle Family

12   Foods, LLC. Plaintiff does not know the true names and capacities of Defendant Great Circle Family

13   Foods, LLC's subsidiaries, agents, and/or franchisees but is informed and believed and based thereon

14   alleges that Defendant Great Circle Family Foods, LLC and each of its subsidiaries, agents, and/or

15   franchisees were all in a joint scheme with Defendant Great Circle Family Foods, LLC and acting

16   under the control and supervision of Defendant Great Circle Family Foods, LLC to carry out the

17   unlawful business practices alleged herein. As Plaintiff does not know the true names and capacities

18   of these subsidiaries, agents, and/or franchisees, Plaintiff brings this action against them under the

19   names of "DOES 1-10." Plaintiff will amend its Complaint when the true names and capacities of

20   DOES 1-10 becomes available to Plaintiff.

21        8.    All Defendant Krispy Kreme Doughnuts, Inc., Great Circle Family Foods, LLC, and

22   their subsidiaries, agents and/or franchisees are collectively referred to as "Defendants."

23        9.    Plaintiff Jacqueline Salem is a citizen of California who resides in Beverly Hills,

24   California. Plaintiff is a regular customer of Defendants who frequents retail stores run by Defendants

25   throughout California for over four years.

26   ///

27   ///

28   ///

CLASS ACTION COMPLAINT

**FACTS SPECIFIC TO PLAINTIFF**

10.    In 2013 and continuing to at least October of 2017, Defendants supplied and provided to Plaintiff pamphlets claiming to provide accurate and updated nutritional information on its products and doughnuts. A true and correct copy of the pamphlet is attached hereto as "Exhibit A."

11.    Among other things, the pamphlet provides a detailed breakdown of the nutritional value of each of the items sold by Defendants, including the calorie and sugar content of their doughnuts.

12.    In reliance on this nutritional information, Plaintiff would come to Defendants' retail locations and purchase doughnuts from Defendants that are advertised as having a lower sugar content than other doughnuts. For example, the pamphlet advertises Defendants' "apple fritter" as having only 4g of sugar and being only 210 calories whereas as Defendants' Caramel KREME Crunch is advertised as having 30g of sugar and 390 calories. Based on this information, Plaintiff would choose to purchase Defendants' apple fritter doughnuts, believing that one serving size of a 1 doughnut had only 4g of sugar and was only 210 calories. In fact, Plaintiff returned to Defendants' retail locations on a reoccurring basis over the course of at least four years to purchase these doughnuts that were advertised as being so low in calories and sugar. Each time Plaintiff would be confronted with a similar pamphlet that would affirm the low caloric and sugar content of Defendants' doughnuts. Plaintiff would not have purchased doughnuts from Defendants had Defendants not advertised their doughnuts as being low in caloric and sugar content.

13.    In or around August of 2017, Plaintiff was informed by Defendants' managerial staff at one of their locations that the nutritional information provided by the pamphlets were false and that there was no way that the doughnuts being sold by Defendants had the caloric and sugar content advertised. Plaintiff was shocked and disturbed at hearing this information. Plaintiff scoured the internet to determine if she would be able to find out the accurate and up to date nutritional information on the items that she purchased. Nowhere could Plaintiff find reliable nutritional information provided in a format as easily accessible as the Exhibit A Pamphlet that is provided in paper format in hand in Defendants' location. However, after looking for some time, Plaintiff was finally able to find on Defendants' website small text that linked individually to the nutritional

1  information of each item separately and discovered that the doughnut that Plaintiff purchased had was
2  more sugar and calories than were advertised in the pamphlets like those attached as Exhibit A, which
3  Plaintiff had been relying on for years. For example, Plaintiff discovered that the Apple Fitter that
4  Plaintiff was purchasing had a sugar content of 26g and a calorie content of 350 grams for 1 serving
5  size of 1 doughnut. A true and correct copy of this page is attached hereto as "Exhibit B."

6  **COMMON FACTUAL ALLEGATIONS**

7  14.   Defendants sell doughnuts and related food products. Doughnuts make up almost the
8  entirety of Defendants' business. Defendants make almost all of their profit from the sales of
9  doughnuts.

10  15.   Consumers rely on the advertising, branding and nutritional information provided by
11  Defendants and other food retailers in order to determine the nutritional content of the food they
12  purchase and consume.

13  16.   Defendants compete with other food retailers to obtain funds from consumers in order
14  to maintain their business.

15  17.   Consumers make active choices about which food items to purchase from which
16  retailers as a result of the nutritional information that is provided by Defendants and other food
17  retailers. The decision to purchase food items from one competitor over another is largely based on
18  whether that food retailer sells food items that are lower in caloric content and sugar for the same or
19  substantially similar food item.

20  **The Class Products**

21  18.   The doughnuts and other products that are sold by Defendants are collectively referred
22  to herein as "Class Products."

23  19.   People typically refrain from purchasing doughnuts because they are known for having
24  a high caloric content and amounts of sugar.

25  20.   People would purchase many more doughnuts if they had the same taste but were of a
26  lower caloric content and had less sugar.

27  21.   Defendants obtain a significant portion of their revenue from the sale of doughnuts
28  based on providing the calorie and sugar content of these items.

CLASS ACTION COMPLAINT

22.    When it sold the Class Products, Defendants made the same or similar misrepresentations and omissions with respect to each Class Product.

23.    Defendants made the same or similar misrepresentations and omissions with respect to each Class Product, when it provided pamphlets that advertised false information about the calorie and sugar content of its products.

**Defendants' Motives for Carrying Out Its Injurious Advertising Practice**

24.    There has been a large shift in the consumer conscious to move away from less healthy foods with high calorie and sugar content to more nutritional foods. Doughnuts are one of the quintessential non-healthy "junk" foods that people first cut and seek to avoid eating when they make a determination to eat healthier and fuller.

25.    Due to this shift in consumer conscious, Defendants have lost and continue to lose increasing market share to consumers who choose to eat less sugary foods with less caloric content.

26.    In order to continue to capture this losing market share, Defendants would have to either provide a healthier, fuller product or to lie about the products they chose to provide. If Defendants would provide a healthier, fuller product with a lower sugar and calorie content, then they would not be able to provide their products at the same taste and with many of other qualities.

27.    Defendants were therefore motivated to boost their earnings from sales by advertising, representing, and expressly stating that their doughnuts had lower sugar and calorie contents than they in fact had.

**Defendants' Injurious Advertising Practices**

28.    For at least four years now, Defendants have been providing throughout their locations pamphlets such as those attached hereto as "Exhibit A."

29.    These pamphlets provide clear and clear grids that label various columns of nutritional information including the sugar and calorie content of all the doughnuts that Defendants sell at their stores in one easily accessible format. Defendants provide no other presentation of nutritional information in such an easily accessible format.

30.    Defendants provided the same systemic advertising of these flyers in the exact same format and with the exact same nutritional information throughout its retail locations.

CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

31.     Defendants' pamphlets actively included false information, which misled hundreds of thousands of consumers to purchase items that they believed were of a different quality than they in fact were. Many of these consumers made purchases that they would not have otherwise made.

### Defendants' Scheme to Repel Competition and Limit Consumer Choice

32.     Defendants purposely, willfully, and maliciously misrepresented the nutritional information of its doughnuts.

33.     Through its false misrepresentations, Defendants sought to repel competition for healthier food options. The purpose of Defendants' false misrepresentations was to restrict consumer choice by misleading consumers for its own benefit and to provide nothing of value in return.

34.     Defendants carried out this scheme to restrict the choices available to their customers, induce them to purchase more of Defendants' products, and protect Defendants' profits from sales of products from its competitors.

### CLASS ACTION ALLEGATIONS

35.     Plaintiff brings this action under Federal Rule of Civil Procedure 23 on behalf of the following Class and Subclasses:

#### The Class

All persons in the United States who purchased one or more Class Products sold from Defendants.

#### The California Subclass

All persons in California who purchased one or more Class Products sold from Defendants.

Excluded from the proposed Class and Subclass is Defendants' officers, directors, legal representatives, successors, and assigns; any entity in which Defendants have a controlling interest; and judicial officers to whom this case is assigned and their immediate family members.

36.     Plaintiff reserves the ability to modify the definition of the proposed Class before the Court determines whether class certification is warranted.

37.     The requirements of Federal Rule of Civil Procedure 23(a), (b)(1), (b)(2), and (b)(3) are met in this case.

CLASS ACTION COMPLAINT

38.   <u>Numerosity</u>. The Class consists of thousands of purchasers of Class Products, making joinder of each Class member impracticable. The Class is presently ascertainable by reference to objective criteria and based on records within Defendants' possession.

39.   <u>Commonality and Predominance</u>. Common questions of law and fact exist for each of the causes of action and predominate over questions affecting only individual Class members. Questions common to the Class include:

a.   Whether Defendants' acts and practices constitute unfair methods of competition;

b.   Whether Defendants engaged in unfair acts or practices in the conduct of trade;

c.   Whether Defendants engaged in deceptive business practices at the point of sale with respect to the Class Products;

d.   Whether Defendants made material misrepresentations and omissions with respect to the doughnuts originally sold to Plaintiff and Class members;

e.   Defendants' motives for devising and executing its false advertising of Class Products;

f.   Whether and to what extent Class Doughnuts profited from the sale of Class Products;

g.   Whether Defendants violated Cal. Bus. & Prof. Code §§ 17200, *et seq.*, Cal. Bus. & Prof. Code §§ 17500, *et seq.*, and Cal. Civ. Code §§ 1750, *et seq.*;

h.   Whether Defendants' conduct constitutes tortious interference with contractual relations and/or prospective economic advantage;

i.   Whether Plaintiff and Class members are entitled to equitable relief;

j.   Whether Defendants' unlawful, unfair, and deceptive practices harmed Plaintiff and Class members;

k.   Whether Defendants' conduct is substantially injurious to purchasers;

l.   The method of calculation and extent of damages for Plaintiff and Class members;

CLASS ACTION COMPLAINT

m.    Whether Plaintiff and the Class are entitled to restitution and, if so, in what amount; and

40.    <u>Typicality</u>. Plaintiff's claims are typical of the claims of the Class. Plaintiff, like all Class members, purchased Class Products that Defendants falsely misrepresented. Each Class member's claims arise from the same tortious conduct of Defendants.

41.    <u>Adequacy</u>. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests do not conflict with the interests of Class members, and they have retained counsel experienced in prosecuting class action and consumer protection litigation.

42.    In addition to satisfying the prerequisites of Rule 23(a), Plaintiff satisfies the requirements for maintaining a class action under Rule 23(b)(3).

43.    <u>Superiority</u>. A class action is superior to individual adjudications of this controversy. Litigation is not economically feasible for individual Class members because the amount of monetary relief available to individual plaintiffs is insufficient in the absence of the class action procedure. Separate litigation could yield inconsistent or contradictory judgments, and increase the delay and expense to all parties and the court system. A class action presents fewer management difficulties and provides the benefits of a single adjudication, economy of scale, and comprehensive supervision by a single court.

44.    Class certification also is appropriate under Rule 23(b)(1) or (b)(2) because:

a.    the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendants;

b.    the prosecution of separate actions by individual Class members would create a risk of adjudication of their rights that, as a practical matter, would be dispositive of the interests of other Class members not parties to such adjudications or would substantially impair or impede other Class members' ability to protect their interests; and

c.    Defendants have acted and refused to act on grounds that apply generally to the Class such that final injunctive relief or declaratory relief is warranted with respect to the Class as a whole.

CLASS ACTION COMPLAINT

**FIRST CLAIM FOR RELIEF**
**Unfair and Unlawful Business Practices in Violation of the Unfair Competition Law,**
**Cal. Bus. & Prof. Code § 17200,** *et seq.*
**(On Behalf of the Class and Subclass)**

45.    Plaintiff incorporates the above allegations by reference.

46.    Defendants' conduct resulted from policies that Defendants contrived, ratified, and implemented throughout its retail locations.

47.    Defendants' conduct is unlawful, in violation of the UCL, because it contravenes the legislatively declared policy against unfair methods of business competition. Additionally, Defendants' conduct is unlawful because, as set forth below, it violates the False Advertising Law and the Consumer Legal Remedies Act.

48.    Defendants engaged in unfair methods of competition and unfair trade practices that violate the UCL in at least the following respects:

   a.    With the intent and effect of stifling open and vigorous competition in the market for food products, Defendants devised and executed a scheme to mislead consumers throughout its retail locations.

   b.    Defendants intentionally caused the above referenced misleading of consumers through purposeful, willful and intentional objectively false statements and omissions.

   c.    Defendants made no action to rectify the above referenced deception and provided no corrective advertising that was easily accessible to consumers which would offset its blatantly false advertising.

   d.    By forcing Plaintiff and Class members believe that its doughnuts had less sugar and calorie content, Defendants have obtained an unfair advantage in the marketplace and has hindered competition for other food products.

   e.    To induce purchases of Defendants' products, Defendants provided misleading pamphlets throughout its retail locations.

   f.    Defendants' conduct was designed to increase and maintain its share of the food market due to conditions separate from competitive factors like pricing and quality of goods.

CLASS ACTION COMPLAINT

1    49.    Defendants acted to inhibit competition in a manner that is unfair and substantially

2    injurious to the consuming public. Defendants' unfair methods of competition and unfair acts and

3    practices are contrary to California law and policy and constitute unscrupulous, unethical, outrageous,

4    and oppressive business practices.

5    50.    Defendants have indicated that they considers themselves free to commit similar

6    injurious acts of unfair competition in the future. It should be enjoined from doing so pursuant to

7    Business and Professions Code section 17203.

8    51.    The gravity of the harm resulting from Defendants' conduct detailed above outweighs

9    any possible utility of this conduct. There are reasonably available alternatives that would further

10    Defendants' legitimate business interests.

11    52.    Plaintiff and Class members could not have reasonably avoided injury from

12    Defendants' unfair business conduct. Plaintiff and Class members did not know, and had no

13    reasonable means of learning, that Defendants' products did not have the nutritional information that

14    Defendants represented.

15    53.    As a direct and proximate result of Defendants' conduct, Plaintiff and Class members

16    have suffered injuries in fact, including because:

17        a.    Defendants' unfair methods of competition and unfair acts and practices have

18    prevented Plaintiff and Class members from making purchasing decisions on the basis of competitive

19    factors in the marketplace for consumer and business goods.

20        b.    As a result of Defendants' unfair methods of competition and unfair acts and

21    practices, Plaintiff and Class members who purchased doughnuts that they would not have purchased

22    absent Defendants' false representations.

23        c.    Defendants' unfair methods of competition and unfair acts and practices have

24    caused Plaintiff's and Class members' to purchase items that had substantially less value than

25    advertised.

26    54.    All of Defendants' unlawful and unfair conduct occurred during Defendants' business

27    and was part of a generalized course of conduct.

28

11

CLASS ACTION COMPLAINT

55.     Plaintiff and the Class accordingly are entitled to relief as provided for under the UCL, including restitution, declaratory relief, and a permanent injunction prohibiting Defendant from committing these violations. Plaintiffs also respectfully seek reasonable attorneys' fees and costs under applicable law, including California Code of Civil Procedure section 1021.5.

## SECOND CLAIM FOR RELIEF
**Fraudulent Business Practices in Violation of the Unfair Competition Law,**
**Cal. Bus. & Prof. Code § 17200,** *et seq.*
**(On Behalf of the Class)**

56.     Plaintiff incorporates the above allegations by reference.

57.     Defendants' conduct resulted from policies that Defendants contrived, ratified, and implemented systematically throughout its retail locations.

58.     Defendants' conduct violates the UCL's prohibition of fraudulent business practices.

59.     To induce purchases of Defendants' doughnuts, Defendants made misleading statements in its advertisements that deceived Plaintiff and Class members and reinforced their reasonable expectation and belief about the nutritional value of the doughnuts.

60.     A reasonable consumer would expect that they would be able to rely on the nutritional information provided by Defendants.

61.     At the time Plaintiff and Class members purchased their Class Products, Defendants were aware of consumers' widespread and common practice of relying on the nutritional information of Defendants. Defendants deliberately furthered, fostered, and reinforced this expectation, through uniform misrepresentations and material omissions.

62.     Defendants' uniform listing of false nutritional information communicated to reasonable consumers through the use of paper pamphlets and other representations and omissions mislead these consumers into believing that Defendants' doughnuts were different than advertised.

63.     These multiple statements, together with (i) consumers' existing reasonable expectations to rely on Defendants' representations, and (ii) Defendants' suppression of the true, material fact that the doughnuts were of a different nutritional information, completed Defendants' deceptive scheme.

CLASS ACTION COMPLAINT

1

2

3

4

      64.    Defendants' conduct had a strong tendency and likelihood to deceive reasonable consumers. Defendants' conduct misled, deceived, and tricked Plaintiff and Class members into purchasing Defendants' doughnuts they would not have purchased in the absence of Defendants' deception.

5

6

7

8

9

      65.    When they purchased Defendants' doughnuts, Plaintiff and Class members reasonably relied to their detriment on Defendants' misleading statements in its advertisements, representations and omissions. These statements deceived Plaintiff and Class members by, among other things, reinforcing their reasonable expectation and belief that they could rely on Defendants' nutritional information.

10

11

      66.    The nutritional information was material and highly important to Plaintiff and Class members in deciding to purchase Class Products.

12

13

14

15

16

17

      67.    Defendants have a duty to clearly and conspicuously disclose to Plaintiff and Class members the true and accurate nutritional information of its products, because (i) a reasonable consumer would find this information highly important and material to the decision of whether to purchase a doughnut instead of another food item, and (ii) a reasonable consumer would expect that, unless otherwise informed, he or she would be able to rely on Defendants' representations of the nutritional information.

18

19

      68.    Defendants caused Plaintiff and Class members to forgo purchasing doughnuts from other companies due to its false representations and concealment of material facts.

20

21

22

      69.    At the direct expense of Plaintiff and Class members, Defendants benefited and profited from its false representations and concealment of material facts. As a direct and proximate result of Defendants' deception, more consumers purchased Defendants' doughnuts.

23

24

      70.    Defendants' wrongful and injurious deception continued when it failed to provide corrective advertising to Plaintiff and Class members

25

26

      71.    To induce purchases of Defendant's doughnuts, Defendants intentionally caused the Class Products to be perceived as having a different nutritional content than they in fact had.

27

28

      72.    Defendants' misleading pamphlets had a strong tendency to, and actually did, deceive Plaintiff and Class members.

CLASS ACTION COMPLAINT

1    73.    Plaintiff and Class members reasonably relied to their detriment on Defendants'

2    misleading pamphlets. Defendants' misleading misrepresentations and omissions caused actual harm

3    to Plaintiff and Class members by inducing them to purchase Defendants' doughnuts. Plaintiff and

4    Class members purchased Defendants' doughnuts as a direct and proximate result of Defendants'

5    misleading statements and omissions.

6    74.    All of Defendant's misleading and fraudulent conduct occurred during Defendants'

7    business and was part of a generalized course of conduct.

8    75.    Plaintiff and the Class accordingly are entitled to relief as provided for under the UCL,

9    including restitution, declaratory relief, and a permanent injunction. Plaintiff also respectfully seek

10    reasonable attorneys' fees and costs under applicable law, including California Code of Civil

11    Procedure section 1021.5.

12
**THIRD CLAIM FOR RELIEF**
**Violations of the False Advertising Law,**
13    **Cal. Bus. & Prof. Code § 17500,** *et seq.*
**(On Behalf of the Class)**
14

15    76.    Plaintiff incorporates the above allegations by reference.

16    77.    Defendant violated the FAL by using false and misleading statements, and material

17    omissions, to promote the sale of Class Products.

18    78.    Class Products do not possess the level of quality or value that Defendants promised.

19    79.    Defendants made uniform representations and material omissions that communicated to

20    Plaintiff and Class members that Class Products were of a different nutritional value.

21    80.    Defendants knew, or in the exercise of reasonable diligence should have known, that

22    their representations and omissions were false and misleading at the time it made them. Defendants

23    deliberately provided false representations and omissions to deceive reasonable consumers.

24    81.    Defendants' false and misleading advertising of Class Products deceived the general

25    public.

26    82.    As a direct and proximate result of Defendants' misleading and false advertising,

27    Plaintiff and Class members have suffered injury-in-fact and have lost money and property. Plaintiff

28    and Class members reasonably relied to their detriment on Defendants' material misrepresentations

14

CLASS ACTION COMPLAINT

and omissions that Class Products would be of lower national value. Plaintiff and Class members received products that were materially different than advertised: the Class Products were of a different nutritional content than advertised.

83. Plaintiff and Class members bring this action under Business and Professions Code section 17535 to enjoin the violations described herein and to require Defendants to issue appropriate corrective disclosures. Defendants' false advertising will continue to harm consumers unless and until it is enjoined. Plaintiff and Class members therefore seek: (a) an order requiring Defendants to cease its false advertising; (b) full restitution of all monies Defendants derived from its false advertising; (c) interest at the highest rate allowable by law; and (d) an award of reasonable attorneys' fees and costs under applicable law, including Code of Civil Procedure section 1021.5.

**FOURTH CLAIM FOR RELIEF**
**Violations of the Consumer Legal Remedies Act,**
**Cal. Civ. Code § 1750, *et seq*.**
**(On Behalf of the Class)**

84. Plaintiff incorporates the above allegations by reference.

85. Defendants' conduct violates the Consumer Legal Remedies Act, Cal. Civ. Code § 1770. Defendants violated the following CLRA provisions:

a. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have (§ 1770(5));

b. Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another (§ 1770(7));

c. Advertising goods or services with intent not to sell them as advertised (§ 1770(9));

d. Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law (§ 1770(14)); and

e. Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not (§ 1770(16)).

86. The Class Products are "goods" as defined by Civil Code § 1761(a).

87. Defendants are both a "person" as defined by Civil Code § 1761(c).

15
CLASS ACTION COMPLAINT

1    88.    Plaintiff and Class members purchased Class Products for personal, family, and

2    household purposes, and hence are "consumers" as defined by Civil Code § 1761(d).

3    89.    These purchases by Plaintiff and Class members are "transactions" as defined by Civil

4    Code § 1761(e)

5    90.    Defendants made false and misleading representations regarding the features and

6    functions of Class Products, including by concealing, at the time of sale, the material fact that the

7    doughnuts were of a different nutritional value than advertised.

8    91.    Defendants expressly represented to Plaintiff and Class members, through written

9    statements on the pamphlets, that the nutritional value of the doughnuts was in fact different than they

10    were. When purchasing the doughnuts, Plaintiff and Class members relied on and made their decision

11    about this purchase as a result of Defendants' written statements. When purchasing Class Products,

12    Plaintiffs and Class members reasonably understood and believed that that Defendants'

13    representations were accurate.

14    92.    Plaintiff and Class members relied on Defendants' representations and omissions about

15    the nutritional value of the doughnuts.

16    93.    The nutritional value of the doughnut is an important consideration to consumers in the

17    food market. Reasonable consumers rely on this information when deciding which food item to

18    purchase.

19    94.    In deliberately conveying to purchasers that the items had a different nutritional value,

20    and by suppressing and concealing the true and accurate nutritional value of the products, Defendants

21    made false and misleading representations regarding the quality and contents of its products with the

22    Class Products, in violation of sections 1770(a)(5), (7), (9), (14), and (16) of the CLRA.

23    95.    Plaintiff and Class members have suffered injury-in-fact from Defendants' CLRA

24    violations. Had Plaintiff and Class members known the material facts that Defendants concealed, they

25    would not have purchased Class Products or would have paid significantly less for them.

26    96.    Plaintiff and the Class accordingly are entitled to relief as provided for under the

27    CLRA, including restitution, declaratory relief, and a permanent injunction. Plaintiff also respectfully

28

16

CLASS ACTION COMPLAINT

1    request reasonable attorneys' fees and costs under applicable law, including California Code of Civil

2    Procedure section 1021.5.

3        97.    Plaintiff complied with Civil Code § 1782 by providing Defendant with presuit notice

4    of Defendants' CLRA violations.

5                              **PRAYER FOR RELIEF**

6        WHEREFORE, Plaintiff, on behalf of themselves and the Class and Subclass defined above,

7    respectfully request that this Court:

8        A.    Certify this case as a class action under Federal Rule of Civil Procedure 23,

9    appoint Plaintiff as Class and Subclass representative, and appoint the undersigned counsel as Class

10   counsel;

11       B.    Enter injunctive and declaratory relief as appropriate under applicable law;

12       C.    Order restitution or actual damages to Plaintiff and Class members;

13       D.    Award Plaintiff and Class members trebled damages along with pre- and post-

14   judgment interest, as prescribed by law;

15       E.    Award punitive damages, as permitted by law, in an amount to be determined

16   by the jury or the Court;

17       F.    Order Defendants to provide notice to the Class of this action and the remedies

18   entered by this Court;

19       G.    Award reasonable attorneys' fees and costs as permitted by law; and

20       H.    Enter such other and further relief as may be just and proper.

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

---

17

CLASS ACTION COMPLAINT

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiffs hereby demand a jury trial on all issues so triable.

3

4

Dated: October 12, 2017                                      Respectfully submitted,

5

By: _/s/ *Todd M. Friedman*_

6

Todd M. Friedman (State Bar No. 216752)
Adrian R. Bacon (State Bar No. 280332)

7

**LAW OFFICES OF TODD M. FRIEDMAN,**

8

**P.C.**
21550 Oxnard St., Suite 780

9

Woodland Hills, California 91367
Telephone: (877) 206-4741

10

Facsimile:  (866) 633-0228

11

*tfriedman@toddflaw.com*
*abacon@toddflaw.com*

12

*Attorneys for Plaintiff*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

18

CLASS ACTION COMPLAINT